UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT JOSEPH RIGSBY,

    Petitioner,

-vs-                                      Case No. 8:04-cv-0970-T-27TBM

GARY THOMAS, WARDEN, et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration With Evidence (Dkt. 13), Motion to Expedite Reconsideration (Dkt. 14), and Motion for Summary Judgment (Dkt. 15). Contrary to Petitioner's assertion otherwise, *see* Dkts. 13 (unnumbered) & 15 (unnumbered), after considering the parties' arguments, including those raised in Petitioner's reply brief, controlling statutes, and applicable case law, the Court concluded that the petition is timebarred pursuant to 28 U.S.C. § 2244(d).

Petitioner cites Fed. R. Civ. P. 50 and 56(c) as legal authority for his motion. Rule 50, applicable to judgments entered following a trial, is clearly unavailing as support for Petitioner's motion for reconsideration. Rule 56(c), which governs proceedings for summary judgment, is likewise unavailing because the case stands closed.

The Federal Rules of Civil Procedure provide two vehicles by which Plaintiff may be seeking relief, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). In addressing these two rules, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the

dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted). Therefore, the Court considers Plaintiff's motion pursuant to Rule 59(e).

In computing whether a Rule 59(e) submission is timely filed within the requisite 10-day window, courts adhere to the guidelines set forth in Rule 6(a), which exclude intermediate Saturdays, Sundays, and legal holidays. *See, e.g., Jackson,* 375 F.3d at 1295; *Lichtenberg,* 204 F.3d at 401. The order denying Petitioner's § 2254 petition was entered and docketed on March 3, 2005. Excluding intermediate weekend days, the 10-day period expired on March 17, 2005. Petitioner's motion, surrendered to prison officials for mailing on March 14, 2005, was received and filed by the Clerk's office on March 17, 2005. Therefore, under a straightforward application of Rule 59(e), the motion is timely, and it will be considered on that basis.

Before assessing the merits of Petitioner's motion for reconsideration, the Court considers whether it has jurisdiction to consider the motion at all. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted to ensure greater finality of state and federal court judgments in criminal cases. To that end, the AEDPA greatly restricts the filing of second or successive petitions for relief under § 2254. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (without appellate authorization, a district court lacks jurisdiction to consider a second or successive petition); 28 U.S.C. § 2244(b)(3)(A).

The Eleventh Circuit recently held that the broad discretion of the district courts to consider a motion for reconsideration under Rule 60(b) is overridden by provisions of the federal habeas statutes:

>   That central purpose of the AEDPA and its provisions specifically restricting the filing of second or successive petitions severely limit the application of Rule 60(b) to habeas cases. Rule 11 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure "may be applied, when appropriate" in habeas proceedings, but only "to the extent that they are not inconsistent with these rules." Rule 11, 28 U.S.C. fol. § 2254. Given that the habeas rules trump the civil ones to the extent of any inconsistency, it certainly follows that statutory provisions governing habeas proceedings also trump general civil rule provisions that are inconsistent, and that is especially true of subsequently enacted statutory provisions such as those in the AEDPA. The civil rules themselves explicitly recognize as much by providing that they are applicable to habeas corpus proceedings only "to the extent that the practice in such proceedings is not set forth in statutes of the United States" or in the habeas rules. Fed.R.Civ.P. 81(a)(2). . . .
>
>   The discretion to reopen final judgments contemplated in most of the provisions of Rule 60(b) cannot co-exist in a habeas case with § 2244(b). That statutory provision, whose second or successive petition restrictions are "grounded in respect for the finality of criminal judgments," Calderon, 523 U.S. at 558, 118 S.Ct. at 1502, explicitly forbids setting aside final judgments denying habeas relief except in rare circumstances that fit within the two narrow exceptions contained in that statutory provision. The severe restrictions on revisiting final judgments that are contained in § 2244(b) are virtually the antithesis of the broad discretion that Rule 60(b) generally gives district courts to reopen them.
>
>   We reject, because Congress in enacting the AEDPA has rejected, any notion that habeas proceedings are just another category of civil cases for purposes of Rule 60(b). Or, to put it in terms of the Federal Rules of Civil Procedure themselves, we conclude that insofar as reopening final judgments in habeas cases is concerned, "the practice in such proceedings is [ ] set forth in statutes of the United States," see Fed.R.Civ.P. 81(a)(2), and specifically in § 2244(b).
>
>   That means Rule 60(b) cannot and does not apply in habeas cases the way it does in ordinary civil cases.

Gonzalez v. Sec. for Dep't of Corrs., 366 F.3d 1253, 1269-72 (11th Cir. 2004) (en banc) (footnote omitted). Relying on the Supreme Court's holding in Calderon v. Thompson, 523 U.S. 538, 558 (1998) ("AEDPA's central concern [is] that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence"), the

-3-

*Gonzalez* court held that "Rule 60(b) relief should not be granted from a judgment denying habeas relief unless a demanding standard is met." 366 F.3d at 1275.

Under *Gonzalez*, unless a Rule 60(b) motion is brought on a claim of fraud on the court, *see* Rule 60(b)(3), district courts lack jurisdiction to entertain the motion without authorization from the circuit court of appeals. 366 F.3d at 1278 (finding that "a petitioner will be able to file a Rule 60 motion and have it treated by the district court as a motion under that rule instead of as a non-authorized second or successive petition [ ] where there was fraud upon the federal court which led to the denial of the habeas petition."). *See also Boone v. Sec., Dep't. Of Corrs.*, 377 F.3d 1315, 1317 (11th Cir. 2004) (finding that absent an effort to prevent fraud, a motion for relief from a judgment is equivalent of generally-prohibited second or successive petitions).

The majority of those courts which have considered the issue of how to treat Rule 59(e) filings in the habeas context have likewise deemed Rule 59(e) motions jurisdictionally barred under AEDPA for the same reason that analogous filings under Rule 60(b) are precluded. *See, e.g., United States v. Bovie,* 2001 WL 863578, *1 (10th Cir. July 31, 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here" for purposes of successive petition analysis); *Aird v. United States*, 339 F.Supp.2d 1305, 1309 (S.D. Ala. 2004); *Peterson v. Brennan,* 2004 WL 1505253, *5 n. 9 (E.D. Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitions); *United States v. Culp,* 2001 WL 789417, *1 (D. Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petition under AEDPA); *Bisaccia v. United States,* 2000 WL 1677747, *1 (E.D. N.Y. Sept.18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for

circumventing the statutory bar to successive § 2255 petitions"); *Alley v. Bell,* 101 F.Supp.2d 588, 669 (W.D. Tenn. 2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within category of cases proscribed by successive petition doctrine); *United States v. Anderson,* 1998 WL 512991, * 1 (E.D. La. Aug.14, 1998) (construing Rule 59(e) motion as a second § 2255 petition). The rationale employed by these courts for interpreting Rule 59(e) motions in this manner echoes the *Gonzalez* reasoning in the Rule 60(b) context. As one court explained, "[t]o permit the defendant to proceed on the merits of his claims by restyling his request as a motion to alter and amend the court's decision on his initial collateral attack and proceeding as if the AEDPA did not exist would render § 2255 ineffectual." *Culp,* 2001 WL 789417, at *1. While the Seventh Circuit has held, to the contrary, that Rule 59(e) motions are not subject to statutory limitations on successive collateral attacks on criminal judgments, its finding addresses cases in which the Rule 59(e) motion clearly does not seek collateral relief. *Curry v. United States,* 307 F.3d 664, 665 (7th Cir.2002), *cert. denied,* 538 U.S. 989 (2003). In the instant case, Petitioner's Rule 59(e) motion is a second or successive § 2254 petition "cross-dressed" as a Rule 59(e) motion. It does not concern a defect in these proceedings, but rather a reiteration of the claims presented in his § 2254 petition -- hence, "a collateral attack on the rejection of his collateral attack" on his criminal judgment. *See Gonzalez,* 366 F.3d at 1264. Therefore, under the rationale employed in *Gonzalez,* the Court finds that it lacks jurisdiction to entertain Petitioner's Rule 59(e) motion. *Id.*

Even if the Court did have jurisdiction to consider Petitioner's motion, he would still not be entitled to the relief he seeks. Having reviewed the arguments presented in Petitioner's Rule 59(e) motion, the Court finds that the motion lacks merit. Rule 59(e) gives

-5-

the Court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla.1996); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). There are three grounds that justify granting a Rule 59(e) motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). In the view of this Court, having failed to identify manifest errors of law or fact, newly discovered evidence, or changes in law germane to a consideration of the timeliness of his § 2254 petition, Petitioner has not demonstrated that he is entitled to relief under Rule 59(e). This case stands closed.

A motion for reconsideration is not an appeal. Where, as here, a petitioner merely recapitulates the arguments already considered by the court before rendering its original decision, he fails to carry the burden of demonstrating that he is entitled to relief under Rule 59(e). It is improper on a motion for reconsideration to "ask the Court to rethink what [it] had already thought through -- rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983).

For the foregoing reasons, Petitioner's Motion to Expedite Reconsideration (Dkt. 14) and Motion for Summary Judgment (Dkt. 15) must be denied.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Reconsideration With Evidence (Dkt. 13) is **DISMISSED** for lack of jurisdiction.

2. The Motion to Expedite Reconsideration (Dkt. 14) is **DENIED**.

3. The Motion for Summary Judgment (Dkt. 15) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 19th, 2005.

SA:jsh
Copy to: All Parties of Record

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE