**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VINCENT JOSEPH RIGSBY,

     Petitioner,

-vs-                                                         Case No.  8:04-cv-0970-T-27TBM

GARY THOMAS, WARDEN, et al.,

     Respondents.

_____/

**ORDER**

     This matter comes before the Court upon Petitioner's Notice of Appeal (Dkt. 17) of the April 20, 2005 order (Dkt. 16) denying his request for reconsideration of the March 2, 2005 order (Dkt. 11) finding that his petition for relief under 28 U.S.C. § 2254 is time barred.  Petitioner did not pay the $255.00 appellate filing fee or file an application to proceed on appeal *in forma pauperis*.  The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253.[2]

---

[1]"Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

Issuance of a COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, a petitioner must, however, demonstrate that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (*per curiam*).

Having considered the record, the parties' arguments, including those raised in Petitioner's reply brief, controlling statutes, and applicable case law, the Court concluded that the petition is time barred pursuant to 28 U.S.C. § 2244(d). Because the petition  is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to make the threshold showing necessary to satisfy the *Slack* test. *See Slack*, 529 U.S. at 484; *Franklin*, 215 F.3d at 1199. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that Petitioner's Notice of Appeal, which is construed as an application for issuance of a certificate of appealability (Dkt. 18) is **DENIED**.

**ORDERED** in Tampa, Florida, on ____June  15^th_____, 2005.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh
Copy to: All Parties of Record

-2-